**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LACQUINITA DONNELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-347 CAS |
| | ) | |
| ST. JOHN'S MERCY MEDICAL CENTER, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is an action by a pro se plaintiff, Lacquinita Donnelly, against her former employer, St. John's Mercy Medical Center ("St. John's"), and seven individual defendants under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C.§§ 12101, et seq. ("ADA"). The complaint alleges that plaintiff was employed at St. John's and in December 2006 was assigned to an area of the hospital which was under construction. Plaintiff alleges that her assignment near the construction area caused her "illness to exacerbate, leading to increase[d] absenteeism," and she requested the reasonable accommodation of an assignment away from the construction area, but the accommodation was denied until March 24, 2007.

This case is before the Court on the defendants' motion to dismiss for failure to state a claim. Defendants seek dismissal of all of plaintiff's claims against the individual defendants and dismissal of plaintiff's failure to accommodate claim against St. John's. Plaintiff has not filed a response to the motion to dismiss and the time to do so has passed. Defendants allege that the individual defendants cannot be liable under the ADA as a matter of law, and that plaintiff's failure to accommodate claim against St. John's is barred by the applicable statute of limitations. For the following reasons,

defendants' motion to dismiss should be granted with respect to plaintiff's claims against the individual defendants and denied with respect to plaintiff's failure to accommodate claims against St. John's.

**Dismissal Standard**.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level. Twombly, 127 S. Ct. at 1964-65 & n.3." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint. Erickson, 127 S. Ct. at 2200. The Court must liberally construe a pro se complaint, which is "held to less stringent standards than formal pleadings drafted by lawyers." Id. (quoted case omitted).

**Discussion**.

    **A. Claims Against Individual Defendants**.

Defendants move to dismiss plaintiff's claims against the individual defendants on the basis that they cannot be liable under the ADA. Title I of the ADA prohibits employers from discriminating against any qualified individual with a disability on the basis of that disability. 42 U.S.C. §§ 12101,

12111. The ADA defines an "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person." 42 U.S.C. § 12111(5)(A).

The ADA's definition of employer mirrors the definition of the term employer as used in of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 42 U.S.C. § 2000e(b) ("Title VII"). Courts often look to case law developed under Title VII for direction in interpreting similar terms under the ADA, and the circuit courts of appeal that have addressed this issue have relied on Title VII precedent in finding that the ADA definition of "employer" excludes individuals. See Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007); Butler v. City of Prairie Village, Kan., 172 F.3d 736, 744 (10th Cir. 1999); U.S. EEOC v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1280-82 (7th Cir. 1995).[1] This Court has also held that individuals may not be liable under Title I of the ADA. See Stevenson v. Best Buy Corp., 2005 WL 3434770, *3 (E.D. Mo. Dec. 14, 2005) (Sippel, J.); Dunham v. City of O'Fallon, Mo., 1994 WL 228598, *1 (E.D. Mo. May 12, 1994) (Gunn, J.).s

The Eighth Circuit has not addressed whether individuals may be liable under Title I of the ADA. The Court believes that the Eighth Circuit would determine that suits may not be brought against individual defendants under Title I of the ADA. The Eighth Circuit has held that supervisors, coworkers and managers may not be individually liable under Title VII. See Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1111 (8th Cir. 1998); Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997). Because the definition of "employer" is the same under the ADA and Title VII, claims against individuals under the ADA should be similarly barred. In addition, the

---

[1]In EEOC v. AIC Security Investigations, Ltd., 55 F.3d 1276 (7th Cir. 1995), the Seventh Circuit held that the ADA's definition of "employer," which like the definition in Title VII includes an employer's agents, is simply a statutory expression of traditional respondeat superior liability and imposes no individual liability on agents. Id. at 1281.

3

Eighth Circuit has held that government officials cannot be sued in their individual capacities under Title II of the ADA. Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999). In Alsbrook, the Court cited as support for its conclusion the decisions of other circuits that proscribe individual liability under Title I -- Butler, Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996), and AIC Security Investigations. Id. The Eighth Circuit's decisions in Bales, Spencer and Alsbrook indicate to the Court that the Eighth Circuit would determine there is no individual liability under Title I of the ADA.

Accordingly, plaintiff's claims against individual defendants Betty Jean Hipsky, Lois Dodson, Terri Halloran, Joseph Laffleur, Robert Rullo, Chris Carter and Pat Englaender should be dismissed.

**B. Failure to Accommodate Claim Against St. John's**.

Remaining defendant St. John's moves to dismiss plaintiff's failure to accommodate claim on the grounds that the conduct alleged in the complaint is barred by the applicable statute of limitations.[2] St. John's states that under the ADA, an individual alleging discrimination must file an administrative charge of discrimination with the EEOC within three hundred (300) days after the alleged unlawful practice occurred. 42 U.S.C. § 2000e-5(e)(1) (applicable to ADA claims under 42 U.S.C. § 12117(a)); Boersig v. Union Elec. Co., 219 F.3d 816, 821 (8th Cir. 2000). A plaintiff's claim is time-barred if the plaintiff filed his or her EEOC charge more than 300 days after the effective date of the employer's unlawful actions. See Boersig, 291 F.3d at 821.

---

[2]St. John's motion to dismiss does not address plaintiff's retaliation or harassment claims. The Court notes that defendant St. John's has not filed an answer or other response to plaintiff's retaliation and harassment claims. St. John's must seek leave of Court to file any such response, as it is untimely.

St. John's states that plaintiff filed her charge of discrimination on December 3, 2007, and therefore the Court lacks jurisdiction to consider any alleged violations of the ADA which occurred outside the 300-day statute of limitations, i.e., before February 6, 2007. St. John's states that plaintiff supports her failure to accommodate claims by alleging that she learned in December 2006 of her assignment to an area of the hospital under construction. St. John's states that plaintiff alleges her request was denied which led to "another life threatening episode on January 29, 2007," Complaint at 5, and that plaintiff does not allege she made any further requests for reasonable accommodation. St. John's argues that because plaintiff alleges it denied her request for an accommodation on or before January 29, 2007, which is prior to February 6, 2007, her failure to accommodate claim occurred outside of the 300-day statute of limitations period and must be dismissed as untimely.

The Court disagrees. The complaint alleges in pertinent part: "I requested [reasonable] accommodations, an assignment away from the construction area. <u>This request was denied</u> causing another life threatening episode on 1/29/2007, <u>not until 3/24/2007 would my request be approved</u>." Complaint at 5 (emphasis added). When the complaint is viewed in the light most favorable to plaintiff and liberally construed in plaintiff's favor, including all reasonable inferences based on the facts alleged, the Court finds that St. John's has not met its burden to establish that plaintiff's claims are time-barred as a matter of law. Plaintiff alleges that her request for reasonable accommodations was denied on January 29, 2007. Plaintiff then alleges that her request for reassignment was not granted until March 24, 2007. It is not unreasonable to infer from the second allegation that plaintiff made a subsequent request for reassignment, which St. John's failed to honor until March 24, 2007. St. John's motion to dismiss based on the statute of limitations should therefore be denied.

5

Accordingly,

**IT IS FURTHER ORDERED** that defendants' motion to dismiss is **GRANTED in part** and **DENIED in part;** the motion is **GRANTED** as to the individual defendants' motion to dismiss plaintiffs' claims against them under the ADA, and **DENIED** as to defendant St. John's motion to dismiss plaintiff's failure to accommodate claims against it based on the statute of limitations. [Doc. 11]

**IT IS FURTHER ORDERED** that plaintiff's claims against individual defendants Betty Jean Hipsky, Lois Dodson, Terri Halloran, Joseph Laffleur, Robert Rullo, Chris Carter and Pat Englaender are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant St. John's responsive pleading shall be filed within the time allowed by Rule 12(a)(4)(A), Fed. R. Civ. P.

An appropriate order of partial dismissal will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of June, 2008.