UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LACQUINITA DONNELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-347 CAS |
| ) | |
| ST. JOHN'S MERCY MEDICAL CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant St. John's Mercy Medical Center's motion to strike pro se plaintiff Lacquinita Donnelly's Rule 26(a)(2) expert disclosure. Plaintiff has not responded to the motion and the time to do so has passed. For the following reasons, the Court will deny defendant's motion to strike without prejudice.

**Legal Standard**

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id.

Motions to strike are properly directed only to material contained in pleadings. The Federal Rules of Civil Procedure define pleadings as "a complaint and an answer; a reply to a counterclaim . . . ; an answer to a cross claim . . . ; a third-party complaint . . . ; and a third party answer." Fed.

R. Civ. P. 7(a). Motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike. 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2008). See Coleman v. City of Pagedale, No. 4:06-CV-1376 ERW, 2008 WL 161897, *4 (E.D. Mo. Jan. 15, 2008) (sur-reply and memorandum were not pleadings and could not be attacked with a motion to strike); Williams ex rel. McIntosh v. City of Beverly Hills, Mo., No. 4:07-CV-661 CAS, 2008 WL 2792490, *2 (E.D. Mo. Sept. 24, 2007) (motion to remand could not be attacked with a motion to strike).

Defendant's motion is directed to a discovery matter, plaintiff's expert disclosure under Rule 26(a)(2). It is therefore not properly filed as a motion to strike, and the Court will construe it as a motion to exclude plaintiff's expert disclosure.

**Discussion**

Defendant moves to exclude plaintiff's disclosure of her treating physician, Dr. John D. Marcum, M.D., on the basis that plaintiff did not provide the written expert report as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and the applicable Case Management Order.

Rule 26(a)(2)(A) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Rule 26(a)(2)(A), Fed. R. Civ. P. These rules of evidence concern expert testimony. Rule 26(a)(2)(B) requires that in most instances, the disclosure of the identity of an expert witness be accompanied by a written report:

> (B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

2

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the data or other information considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Rule 26(a)(2)(B), Fed. R. Civ. P.

Defendant submits as exhibits two e-mails it received from plaintiff, one of which states in part, "If I must have an expert witness it would have to be my treating physician Dr. John Marcum . . . ." Def.'s Ex. A. The second e-mail states, "I will be using Dr. Marcum as my expert witness." Def.'s Ex. B. The Case Management Order dated August 4, 2008 (Doc. 22), states in relevant part that "[t]reating physicians shall be considered expert witnesses under Rule 26(a)(2) to the extent they give testimony as to causation or prognosis." Case Management Order at 2, ¶ 4(b)(i) (Doc. 22). Implicit in the language of the Case Management Order is the fact that a treating physician is not considered an expert witness if his or her testimony does not concern causation or prognosis.

Plaintiff's intentions concerning Dr. Marcum's testimony are not clear to the Court from the e-mails. If plaintiff plans to offer Dr. Marcum's testimony on issues of causation or prognosis, then Dr. Marcum would be considered an expert witness and plaintiff must provide the written expert report described in Rule 26(a)(2)(B). If plaintiff plans to offer Dr. Marcum's testimony only on issues

of diagnosis and treatment, then Dr. Marcum would not be considered an expert witness and no written expert report is needed.

The Court will grant additional time for plaintiff to provide Dr. Marcum's written expert report to the defendant, if needed. If plaintiff fails to provide Dr. Marcum's written expert report to the defendant by the new deadline, then she will be prohibited from offering Dr. Marcum's testimony on issues of causation and prognosis, but would still be able to offer Dr. Marcum's testimony on issues of diagnosis and treatment.

The Court will also modify the Case Management Order to extend the deadlines for (1) defendant to depose plaintiff's expert, if necessary; (2) defendant to identify its own expert witnesses and provide their written reports; and (3) the completion of all discovery and the filing of Daubert motions.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike plaintiff's Rule 26(a)(2) expert disclosure, construed as a motion to exclude, is **DENIED** without prejudice. [Doc. 29]

**IT IS FURTHER ORDERED** that the Case Management Order is modified as follows:

1. If plaintiff plans to offer the expert testimony of Dr. Marcum on issues of causation and prognosis, she must provide Dr. Marcum's written expert report to the defendant no later than **February 2, 2009**.

2. If plaintiff provides defendant with a written expert report from Dr. Marcum, defendant shall depose Dr. Marcum by **February 12, 2009**.

3. Defendant shall disclose all expert witnesses and provide the reports required by Rule 26(a)(2) by **February 17, 2009**, and shall make its expert witnesses available for deposition no later than **March 3, 2009.**

4. The parties shall complete all discovery in this case no later than **March 10, 2009**.

5. Any motion to exclude testimony pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 592-93 (1993), shall be filed no later than **March 17, 2009**.

The Case Management Order issued August 4, 2008 otherwise remains in full force and effect, except as modified by this memorandum and order.

                                                      */s/ Charles A. Shaw*
                                                    **CHARLES A. SHAW**
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this  23rd  day of January, 2009.