# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LACQUINITA DONNELLY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:08-CV-347 CAS |
| ST. JOHN'S MERCY MEDICAL CENTER, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant St. John's Mercy Medical Center's motion to strike pro se plaintiff Lacquinita Donnelly's Statement of Uncontroverted Material Facts and Response to Defendant's Motion for Summary Judgment. For the following reasons, the Court will deny defendant's motion to strike without prejudice.

**Legal Standard**

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id.

Motions to strike are properly directed only to material contained in pleadings. The Federal Rules of Civil Procedure define pleadings as "a complaint and an answer; a reply to a counterclaim . . . ; an answer to a cross claim . . . ; a third-party complaint . . . ; and a third party answer." Fed.

R. Civ. P. 7(a). Motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike. 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2008). See Coleman v. City of Pagedale, No. 4:06-CV-1376 ERW, 2008 WL 161897, *4 (E.D. Mo. Jan. 15, 2008) (sur-reply and memorandum were not pleadings and could not be attacked with a motion to strike); Williams ex rel. McIntosh v. City of Beverly Hills, Mo., No. 4:07-CV-661 CAS, 2008 WL 2792490, *2 (E.D. Mo. Sept. 24, 2007) (motion to remand could not be attacked with a motion to strike).

**Discussion**

Defendant's motion is directed to documents filed by plaintiff in response to defendant's summary judgment materials. The targeted documents are not pleadings within the meaning of the Federal Rules, and therefore are not properly attacked by means of a motion to strike.[1]

With respect to the merits of the motion, defendant asserts that plaintiff has failed to comply with the requirements of the Local Rules because she did not directly respond to St. John's Statement of Uncontroverted Facts, but instead submitted an unverified response in which she attempts to refute every allegation contained in St. John's Motion for Summary Judgment with a narrative of her claims. Defendant states that portions of plaintiff's response are at odds with the record or conflict with her deposition testimony, and refer to hearsay or other inadmissible evidence. Defendant concludes that "[a]t best, Plaintiff's Response is wholly insufficient to controvert St. John's Statement of Uncontroverted Material Facts inasmuch as any matters that are not specifically controverted by the nonmoving party are deemed admitted for purposes of summary judgment." Def.'s Mem. Supp. Mot.

---

[1] The Court previously addressed this very point in its Memorandum and Order of January 23, 2009 (Doc. 30), which denied defendant's motion to strike plaintiff's Rule 26(a)(2) expert disclosure. See Mem. and Order at 1-2.

2

Strike at 2. Defendant also asserts that plaintiff's Response to the motion for summary judgment is merely a narrative account of her version of the facts, full of speculation and unsupported by facts or credible record citations.

The issues raised by defendant in the instant motion may have merit, but are better considered during the Court's review of the summary judgment materials themselves, and the Court prefers do so in that context rather than by means of collateral motion practice. Defendant is granted leave, if desired, to file a brief response to plaintiff's Statement of Uncontroverted Material Facts in order to direct the Court's attention to the general or specific deficiencies it perceives therein.

Accordingly,

**IT IS HEREBY ORDERED** that defendant St. John's Mercy Medical Center's motion to strike pro se plaintiff Lacquinita Donnelly's Statement of Uncontroverted Material Facts and Response to Defendant's Motion for Summary Judgment is **DENIED** without prejudice. [Doc. 44]

**IT IS FURTHER ORDERED** that defendant St. John's Mercy Medical Center is granted until **May 12, 2009** to file a brief response, if desired, to plaintiff's Statement of Uncontroverted Material Facts.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __5th__ day of May, 2009.